**LAW OFFICE OF
LEE PHILLIPS, P.C.**
209 N. Elden Street
Flagstaff, Arizona 86001
(928) 779-1560
(928) 779-2909 Facsimile
leephillips@leephillipslaw.com

**LEE PHILLIPS**
State Bar No. 009540
Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **JOEY TOM YAZZIE,**  Plaintiff,  vs.  **OFFICE OF NAVAJO AND HOPI INDIAN RELOCATION, an administrative agency of the United States,**  Defendant. | Case No.  **COMPLAINT FOR JUDICIAL REVIEW** |

## PRELIMINARY STATEMENT

1. This action is brought by Joey Tom Yazzie to obtain judicial review of an administrative decision of the Office of Navajo and Hopi Indian Relocation (hereinafter "ONHIR") finding that he is not entitled to relocation assistance benefits pursuant to the Navajo-Hopi Settlement Act ("Act"), 25 U.S.C. §640d-14(c) and the regulations and policies promulgated thereunder. Specifically, the agency found that Mr. Yazzie was not a legal

resident of the Hopi Partitioned Lands (H.P.L.) at any time since the Act was passed in 1974 and not a head of household at the time he moved from the HPL.

## I. Jurisdiction and Venue

2. This court has jurisdiction pursuant to 28 U.S.C. §1331, 5 U.S.C. §701-706, and 25 U.S.C. §640d-14(g), as this action is an appeal from an eligibility determination of Defendant ONHIR, an administrative agency of the United States located in Flagstaff, Arizona.  Plaintiff has exhausted his administrative remedies.

## II.   Parties

3. Plaintiff is an enrolled member of the Navajo Nation who was subject to relocation from his family's ancestral home on the Hopi Partitioned Lands (H.P.L.) as a consequence of the Navajo-Hopi Settlement Act.

4. Defendant ONHIR is an independent federal agency created by Congress pursuant to 25 U.S.C. §640d-11 to carry out the relocation of members of the Navajo and Hopi Tribes who resided on land that was partitioned to the other tribe, and to provide relocation assistance benefits for all households required to relocate pursuant to 25 U.S.C. §640d to

"insure that persons displaced as a result of the Act are treated fairly, consistently and equitably so that these persons will not suffer the disproportionate adverse, social, economic, cultural and other impacts of relocation."  25 CFR §700.1(a).

### III.  FACTS

5. Plaintiff Joey Tom Yazzie applied for relocation benefits on August 30, 2010.

6. Plaintiff was initially denied relocation benefits on July 11, 2012. ONHIR's reason for its decision to deny benefits was that Plaintiff was not a resident of the HPL as of December 22, 1974 and not a head of household when he moved off of the HPL.

7. Plaintiff filed a timely notice of appeal.

8. Plaintiff's administrative appeal hearing was held before ONHIR on January 24, 2014.  Testimony was provided by the Plaintiff and his father Sam Yazzie.  The witnesses testified consistently about Plaintiff's residency through 1994.  According to the uncontroverted testimony Plaintiff's family's legal residence was at Mosquito Springs in the Hardrock Chapter on the HPL and he maintained substantial and recurring contacts while away with his parents for education and employment and intended to return to the HPL when he completed his education and employment.

9. The witnesses testified that Joey was born to his parents Sam Yazzie and Lucy Yazzie on May 15, 1964.  Joey grew up on the HPL at Mosquito Springs and attended his first three years of elementary school in Shonto and Kayenta on the Navajo reservation.  Joey's father Sam left the reservation for school in Oregon and later employment in California.  Sam's family, including his son Joey, remained on the HPL at Mosquito Springs. Sam would return home to Mosquito Springs to his family whenever he was not in school or was not working.

10. In approximately 1970, Joey and his family traveled to California to be with his father.  Joey returned home to Mosquito Springs for the summers and he and his family would regularly return home on long weekends or holidays.

11. Joey and his family lived in a traditional Navajo hogan at Mosquito Springs at their HPL homesite.  Joey's family's hogan was located approximately 100 feet from his grandmother's home and his family kept their household belongings, dishes, blankets, beds and a stove in their hogan.

12. Joey spent his school years with his parents in California but returned home to Mosquito Springs in the summers to help care for his grandmother her livestock.  Joey graduated from high school in California

in spring of 1982 shortly after he turned 18.  He then moved back to Mosquito Springs to care for his grandmother and to look for employment.

13.   In the fall of 1982, unable to find employment, Joey went back to California.  In his application for relocation benefits, Joey wrote that he went back to California because "no jobs on HPL land."  While visiting his family in California, Joey found employment with Chucky Cheese, a family-oriented pizza restaurant.

14.   In 1983 Joey earned $1,818.58 at the pizza restaurant.  Joey used his earnings to pay for his food, clothing, tuition, books, gas and transportation.  He also paid his parents rent for allowing him to live at their home.

15.   For 12 years Joey worked in California but returned home to Mosquito Springs when he was not working to help his grandmother until 1994 when his grandmother died.  During those 12 years, Joey and his family, including their cat, would often return home to their ancestral home on the HPL.

16.   Sam Yazzie, Joey's father, applied for relocation benefits based upon his residence at his family's ancestral homesite in Mosquito Springs.  On March 8, 1989 Joey's father Sam had his administrative hearing and was determined to be a resident of the HPL and was therefore certified for

relocation benefits despite the fact that he spent more time than Joey away from the HPL to attend school and for employment.  At Sam's March 8, 1989 hearing he testified that the last time he resided at his HPL homesite was "last night".

17.   Sam Yazzie also testified at his son's administrative appeal hearing on January 24, 2014.  The Hearing Officer found both Sam Yazzie and his son, Joey Tom Yazzie, to be credible witnesses.  Nevertheless, the Hearing Officer, who also conducted Sam Yazzie's March 8, 1989 hearing where Sam was certified eligible for benefits, found that Sam's son Joey was not a resident of the HPL and therefore not eligible for relocation housing assistance.

18.  The administrative hearing record established that Defendant's denial of Joey Tom Yazzie's claim for relocation benefits was arbitrary, capricious and an abuse of discretion; not supported by substantial evidence, not in accordance with applicable law and; occurred without observance of procedure required by law.

19.  The ONHIR published a Plan Update in 1990 which defined residency for the purpose of relocation benefits.  It rejected "actual occupancy" as a requirement and instead chose "legal residency" as the operative definition.  Legal residency is, according to the ONHIR,

6

> Where a person might be temporarily away, but maintained substantial, recurring contact with an identifiable homesite. This interpretation considered the fact that many persons would leave the partitioned lands temporarily to seek employment, job training, or other opportunities. Yet, they maintained strong ties to their homes and community and *considered themselves* residents.

Id. (emphasis added). The agency justified its choice of definition as follows:

> [T]he definition of legal residency best met both legal requirements and circumstances of life on the partitioned lands. By reflecting the cultural traditions and economic realities of the people affected by relocation, this interpretation fulfilled the intent of Congress to provide for a thorough and generous program.

20. The purpose of the Navajo-Hopi Settlement Act, 25 U.S.C. §640-d et seq. is to "insure that persons displaced as a result of the Act are treated fairly, consistently and equitably so that these persons will not suffer the disproportionate adverse, social, economic, cultural and other impacts of relocation." 25 CFR §700.1(a).

21. "The United States Supreme Court has repeatedly recognized 'the distinctive obligation of trust incumbent upon the Government in its dealings with [Native Americans]." Bedoni v. Navajo-Hopi Indian Relocation Comm'n, 878 F.2d 1119, 1124 (9th Cir. 1989) (quoting Seminole Nation v. United States, 316 U.S. 286, 296, 62 S.Ct. 1049, 86 L.Ed. 1480,

96 Ct. Cl. 561 (1942)) (alteration in original) (citations omitted).  This obligation is reflected in the ONHIR's own Plan Update that it is "the intent of Congress to provide for a thorough and generous [relocation benefit] program."

## IV.    Claims for Relief

22. Plaintiff Joey Tom Yazzie complains that Defendant ONHIR's eligibility decision to deny him relocation benefits, to which he is entitled as a matter of law, adversely affects him.

23.  Further that Defendant ONHIR's eligibility decision is arbitrary, capricious and an abuse of discretion.

24.   Further that Defendant ONHIR's eligibility decision is not supported by substantial evidence.

25.   Further that Defendant ONHIR's eligibility decision is not in accordance with ONHIR's fiduciary duty owed to Plaintiff Joey Tom Yazzie and other applicable law.

26.    And finally, Defendant ONHIR's eligibility decision occurred without observation of procedure required by law.

## V.    Prayer for Relief

WHEREFORE, Plaintiff Joey Tom Yazzie prays that this Court:

(a) Assume jurisdiction over the matter;

(b) After judicial review, enter judgment holding the eligibility determination of Defendant ONHIR to be contrary to law and set it aside;

(c) Order the Defendant to issue a new determination that Plaintiff Joey Tom Yazzie is eligible for relocation assistance benefits and award those benefits to him.

(d) Award Plaintiff costs and reasonably attorneys' fees pursuant to 28 U.S.C. §2412.

(e) Grant such other relief as this Court deems just and proper.

RESPECTFULLY submitted this 23rd day of April, 2020.

*s/ Lee Phillips*
Lee Phillips
Attorney for Plaintiff Joey Tom Yazzie