**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joey Tom Yazzie,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Office of Navajo and Hopi Indian Relocation,<br><br>　　　　　　Defendant. | No. CV-20-08097-PCT-ROS<br><br>**ORDER** |

Before the Court is Plaintiff's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act. (Doc. 40). Joey Tom Yazzie seeks an award of fees on the ground that he was the prevailing party and Defendant Office of Navajo and Hopi Indian Relocation's ("ONHIR") position was not substantially justified. (Doc. 40). ONHIR argues Yazzie is not entitled to an award of attorney's fees because ONHIR's position was substantially justified and because the Navajo Nation, not Yazzie, is the real party in interest—and the Navajo Nation is not eligible for an award of attorney's fees. (Doc. 47).

Yazzie will be awarded attorney's fees and costs in the amount of $19,971.28.

## BACKGROUND

In order to receive relocation benefits, Yazzie must have been a "resident" of Hopi Partitioned Land ("HPL") on December 22, 1974 and continued to be a resident of HPL when he became a "Head of Household" as those terms are defined in the governing regulations. 25 C.F.R. §§ 700.69, 700.147. Yazzie was born in Oregon and lived much of his life in California but returned to HPL for summers and holiday breaks and lived on

HPL for a few years as a child. (Doc. 36 at 2).

On August 31, 2010, Yazzie applied for Relocation Assistance Benefits under the Navajo and Hopi Land Settlement Act. Because Yazzie indicated in this application that he did not know when he moved off of HPL, ONHIR determined Yazzie was a resident of HPL until 1981, when ONHIR records established that Yazzie's father moved off HPL. (Doc. 36 at 2). ONHIR denied Yazzie's benefits on June 11, 2012 because he was an unemancipated minor, and not a head of household, in 1981. (Doc. 36 at 2).

On August 9, 2012, Yazzie's appealed the denial and a hearing was held before an Independent Hearing Officer ("IHO"). On April 25, 2014, the appeal was denied. Contrary to the initial denial, the IHO determined Yazzie was not a legal resident of HPL on December 22, 1974 or any time thereafter. (Doc. 11-1 at 91–93). The IHO did not address the fact that Yazzie's father, who Yazzie lived with until at least 1983, had been deemed a resident of HPL through 1981. On the issue of "Head of Household," the IHO's sole finding was that Yazzie "remained dependent on his parents until the end of 1983." Ultimately, the IHO concluded "[s]ince applicant was not a legal resident of [HPL], he is not eligible for relocation benefits." (Doc. 11-1 at 93). On April 23, 2020, Yazzie filed the complaint in this action, appealing the hearing officer's decision.

The Court granted summary judgment in favor of Yazzie and against ONHIR. (Doc. 36 at 6). The Court noted that, during the proceedings below, the parties agreed Yazzie was a legal resident of HPL after 1974 and that the issue was whether Yazzie remained a legal resident of HPL from 1982 to 1983, when Yazzie became a Head of Household. (Doc. 36 at 5) (citing Doc. 11 at 85). In other words, "the hearing began with the parties agreeing the issue was Yazzie's status as 'Head of Household,' not whether Yazzie had been a resident of HPL." (Doc. 36 at 5). Although there is evidence Yazzie was not a resident of HPL after 1981, the IHO's finding that Yazzie was not a resident any time after 1974 was plainly contradicted by evidence showing Yazzie resided with his father, who was a resident of HPL until around 1981. (Doc. 36 at 5). The Court therefore granted summary judgment on the ground that the IHO's decision that Yazzie was not a legal resident of

HPL after 1974 was "arbitrary, capricious, and not supported by substantial evidence." (Doc. 36 at 6); *Bedoni v. Navajo–Hopi Indian Relocation Comm'n*, 878 F.2d 1119, 1122 (9th Cir. 1989) (citing 5 U.S.C. § 706(2)(A), (E) (1982)). The Court did not, however, find Yazzie is entitled to relocation benefits. Rather, the Court merely determined that the ground relied upon by the IHO was not supported by substantial evidence and remanded for proceedings consistent with that finding.

Yazzie now seeks attorney's fees pursuant to the Equal Access to Justice Act. (Doc. 40).

## ANALYSIS

In relevant part, the Equal Access to Justice Act ("EAJA") provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The parties do not dispute that this provision of the EAJA applies to this matter. Nor do they dispute that Yazzie prevailed. Accordingly, the issues relevant to this Motion are ONHIR's arguments that fees are not mandatory because (a) its position was "substantially justified" and (b) the Navajo Nation, whom ONHIR claims is the real party in interest, is not eligible for an award of fees. (Doc. 47). Upon review of the parties' briefing, the Court finds in favor of Yazzie and will award attorney's fees in the amount of $19,971.28.

**I.     ONHIR's Position Was Not Substantially Justified**

The government bears the burden to prove by a preponderance of the evidence that its position was substantially justified. *See Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). The Supreme Court has explained, "substantially justified" means "'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable

person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).  In deciding "whether the government's litigation position is substantially justified, 'the EAJA . . . favors treating a case as an inclusive whole, rather than atomized line items.'" *Al-Harbi v. INS*, 284 F.3d 1080, 1084 (9th Cir. 2002) (quoting *United States v. Rubin*, 97 F.3d 373, 375 (9th Cir. 1996)) (omission in original).

ONHIR's position on appeal to this Court was that the IHO's determination that Yazzie had not been a resident of HPL land after 1974 was not arbitrary or capricious and was supported by substantial evidence.[1]  ONHIR now argues its position was substantially justified because of evidence showing Yazzie is not entitled to relocation benefits.  (Doc. 47 at 11-13).  While it may true that the question whether Yazzie is *entitled to benefits* can be subject to reasonable dispute, the Court did not resolve or consider the question whether Yazzie was entitled to benefits.  Rather, at summary judgment, this Court determined that the decision of the IHO that Yazzie was not a resident of HPL *any time* after 1974 was arbitrary, capricious, and not supported by substantial evidence.  (Doc. 36 at 5-6).  That issue was not subject to reasonable dispute because, as the Court explained at summary judgment, the parties agreed and the Certified Administrative Record "established Yazzie was a legal resident on HPL until at least 1981."  (Doc. 36 at 6).

On remand, ONHIR may still present its arguments regarding whether it was reasonable to deny benefits.

## II.     The Real Party In Interest Doctrine Does Not Apply

ONHIR argues that the Navajo Nation is the real party in interest in this case, not Yazzie.  However, the Court need not determine whether the Navajo Nation is the real party in interest because the cases cited by ONHIR are inapposite.  Following most other courts to consider this question, the Court holds that a non-party cannot be deemed the relevant party when assessing eligibility under the EAJA.

To be eligible for an EAJA award, a plaintiff seeking fees must first meet the definition of a prevailing "party" set forth in 28 U.S.C. § 2412(d)(2)(B). A litigant is

---

[1] "Substantial evidence is more than a mere scintilla, but less than a preponderance." *Orteza v. Shalala*, 50 F.3d 748, 749 (9th Cir. 1995).

- 4 -

deemed a "party" only if it is "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed," or a "partnership, corporation, association, unit of local government, or organization, the net worth of which did not exceed $7,000,000 . . . , and which had not more than 500 employees at the time the civil action was filed." 28 U.S.C. § 2412(d)(2)(B). As the Fifth Circuit has noted, the statutory definition of "party" contains no reference to real parties in interest or the application of the real party in interest doctrine to deny attorney's fees to a party. *Nail v. Martinez*, 391 F.3d 678, 684 (5th Cir. 2004).

ONHIR has failed to identify a single binding case holding the real party in interest doctrine applies to the EAJA. ONHIR cited to *Love v. Reilly*, 924 F.2d 1492 (9th Cir. 1991) for that principle. (Doc. 47 at 2). But *Love* did not hold the real party in interest doctrine applied. Rather than deciding whether the doctrine did or did not apply, *Love* merely acknowledged the D.C. Circuit had applied the real party in interest doctrine to the EAJA. *See id.* at 1494 (distinguishing *Unification Church v. INS*, 762 F.2d 1077 (D.C. Cir. 1985)); *see also Southwest Marine, Inc. on Behalf of Universal Painting & Sandblasting Corp. v. United States*, 43 F.3d 420, 423 (9th Cir. 1994) (noting *Love* "acknowledged" *Unification Church*). *Love* did not follow the D.C. Circuit because, even if the doctrine applied, there was no evidence the alleged real party in interest in that case was liable for the attorney's fees. Without such evidence, the real party in interest doctrine had no possible application. *See Love*, 924 at 1494 ("The real party in interest doctrine does not support the government's argument in this case.") (distinguishing *Unification Church*); *see also Wall Indus. Inc. v. United States*, 15 Ct.Cl. 796, 803 (1988), *aff'd*, 883 F.2d 1027 (Fed. Cir. 1989) (assuming without deciding that the real party in interest doctrine applied to a non-party under the EAJA because it would not have affected the outcome of the case).

Although the D.C. Circuit applied the real party in interest doctrine to the similarly-worded component of the EAJA involving awards of fees in administrative proceedings, 5 U.S.C. § 504, in *Unification Church*, 762 F.2d at 1089, most other courts have not followed its lead. For example, the Ninth Circuit reached the opposite conclusion in the context of

§ 504, and expressly declined to follow *Unification Church*. *See Southwest Marine*, 43 F.3d at 422-23. Moreover, in *Southwest Marine*, the court distinguished *Love* and *Unification Church* on the ground that, unlike in those cases (but like this case), the alleged real party in interest was not a party to the case at all. *Id.* Although the Ninth Circuit in *Southwest Marine* was somewhat unclear, it appeared to reason that applying the real party in interest doctrine to a non-party would violate the statutory instruction that EAJA awards are to be awarded to the prevailing "party." *Id.* at 243 (noting "[a]t least one court considering that question has suggested that an entity cannot be a 'real party in interest' unless it is first a 'party'" and declining to award attorneys' fees to a non-party) (citing *SEC v. Comserv*, 908 F.2d 1407, 1416 (8th Cir. 1990)).

Similarly, in *Nail v. Martinez*, which concerned the same provision of the EAJA as this case, 28 U.S.C. § 2412(d), the Fifth Circuit declined to follow *Unification Church* on the ground that the D.C. Circuit's resort to legislative history to determine that the real party in interest doctrine applied was inconsistent with the unambiguous definition of "party" in the EAJA. *See Nail*, 391 F.3d at 684 ("[The D.C. Circuit's] resort to the legislative history for the inclusion of a non-statutory requirement for EAJA eligibility was unnecessary. There is no ambiguity in the statutory language that would warrant looking beyond the plain language of the statute for additional understanding of Congress's intent.").

ONHIR has identified only one case in which a party's motion for attorney's fees was denied on the ground that a non-party real party in interest was not eligible for attorney's fees under the EAJA. In that case, an unpublished disposition from the District of Nevada, the court wrote that "it is the net worth of the real party in interest that matters . . . for the purposes of the EAJA." *Winnemucca Indian Colony v. United States ex rel. Dep't of Int.*, 2019 WL 320560, at *1 (D. Nev. Jan. 24, 2019) (citing *Love*, 924 F.2d at 1494). The court cited *Love* as the authority for this premise. But as explained above, *Love* did not hold that it is the net worth of the real party in interest that matters. Rather, *Love* merely acknowledged that *Unification Church* so held. *See Love*, 924 F.2d at 1494

(distinguishing *Unification Church*, 762 F.2d 1077).

Thus, although there is a circuit split on this issue, the Court is unaware of any court of appeals case applying *Unification Church* to a non-party, either in the context of 5 U.S.C. § 504 or 28 U.S.C. § 2412(d).  The most relevant binding case is *Southwest Marine*, which held in the context of the analogous administrative component of the EAJA that the real party in interest doctrine did not apply.  The most directly applicable non-binding cases are *Nail*, which held the doctrine did not apply where the alleged real party in interest was a non-party, and the unpublished disposition by the District of Nevada in *Winnemucca*, which held that it did.

Similar to *Nail* and *Southwest Marine*, the Court holds the real party in interest doctrine does not apply to situations involving the EAJA in which the alleged real party in interest is not a party to the lawsuit.  This is so because the relevant provision of the EAJA states that the fee shall be awarded to the "prevailing *party*." 28 U.S.C. § 2412(d)(1)(A) (emphasis added).  ONHIR's arguments seek to introduce an extra statutory requirement—that the prevailing party for purposes of EAJA must be the real party in interest—into the EAJA beyond those chosen by Congress.  As observed by the Fifth Circuit, "[i]f Congress had wanted to incorporate a real party in interest test into the EAJA's definition of a 'party' then it could have done so." *Nail*, 391 F.3d at 683.  The thorough and convincing statutory analysis in *Nail* and *Southwest Marine* is more persuasive on balance than the perfunctory reasoning in *Winnemucca* or the distinguishable holding of *Unification Church*, in which the real party in interest was a party to the suit.

The Navajo Nation is not a party to this lawsuit and therefore cannot be a "prevailing party," even if it is the entity that, in some respects, ultimately would be liable for attorney's fees if the motion is not granted.  Yazzie *is* a party to this suit and has demonstrated he is an eligible "party" within the meaning of the EAJA.  This position is supported by the unambiguous text of the statute and the weight of caselaw in circuits across the country to consider this issue.

III.   **The Fee Requested Is Reasonable**

Because Yazzie is the prevailing party, ONHIR was not substantially justified, and circumstances do not make an award of fees unjust, the EAJA requires that reasonable attorney's fees and costs be awarded. 28 U.S.C. § 2412. According to the Ninth Circuit, the statutory maximum hourly rate under the EAJA, adjusted for cost of living was $207.78 in 2020, $217.54 in 2021, and $231.49 for the first half of 2022. *See* United States Court of Appeals for the Ninth Circuit, "Statutory Maximum Rates Under the Equal Access to Justice Act" (last accessed Aug. 25, 2022), https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/. Yazzie seeks attorney fees at the statutory cap of $207.78 for 11.2 hours of work performed in 2020, at the statutory cap of $217.54 for 75.1 hours of work performed in 2021, and $217.54 for four hours of work performed in 2022, as well as $436.73 in costs. (Doc. 40-1 at 8). This comes to a total of $19,971.28. (Doc. 40-1 at 8). ONHIR has not argued this fee is unreasonable.

The Court finds the hourly rates, hours worked, and total expenses to be reasonable in light of the needs of this case and within the statutory maximum. Because Yazzie is the prevailing party in this case and ONHIR's position was not substantially justified and circumstances do not make an award of fees unjust, the Court is required to award Yazzie attorney's fees and costs in the amount of $19,971.28.

Accordingly,

**IT IS ORDERED** Plaintiff's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act (Doc. 40) is **GRANTED**.

**IT IS FURTHER ORDERED** the Clerk of Court is directed to enter judgment in favor of Plaintiff and against Defendant in the amount of $19,971.28.

Dated this 9th day of September, 2022.

Honorable Roslyn O. Silver
Senior United States District Judge